UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| *TREMCO INCORPORATED* | ) | Civil Action No. |
| | ) | |
| and | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **JUDGMENT OF NON-INFRINGEMENT** |
| *UNITED STATES GYPSUM COMPANY,* | ) | **OF A TRADEMARK, FOR LACK OF** |
| | ) | **UNFAIR COMPETITION, FOR** |
| Plaintiffs, | ) | **INVALIDITY OF A TRADEMARK AND** |
| | ) | **FOR CANCELLATION OF A** |
| v. | ) | **TRADEMARK REGISTRATION** |
| | ) | |
| *VAPROSHIELD, LLC,* | ) | |
| | ) | |
| Defendant. | ) | |

For their Complaint, Plaintiffs Tremco Incorporated ("Tremco") and United States Gypsum Company ("USGC") (collectively, "Plaintiffs") state as follows:

**Nature of the Action**

1. Defendant VaproShield, LLC ("Defendant" or "VaproShield") has accused Plaintiffs Tremco and USGC of infringing Defendant's purported trademark rights in the color orange for a particular type of commercial building product. Defendant has threatened to take action to assert those alleged rights and its Federal Trademark Registration No. 4,054,333 (the "'333 Registration") against Tremco and USGC. Plaintiffs Tremco and USGC deny that they infringe Defendant's purported rights and submit that Defendant's claimed color mark is not a valid trademark. Plaintiffs seek declaratory judgment of non-infringement of Defendant's claimed color mark, lack of unfair competition, and invalidity of the claimed color mark, as well as an order cancelling the '333 Registration for the color mark claimed owned Defendant.

## The Parties

2. Plaintiff Tremco is a corporation organized under the laws of the State of Ohio having its principal place of business at 3735 Green Road, Beachwood, Ohio 44122.

3. Plaintiff USGC is a corporation organized under the laws of the State of Delaware having its principal place of business at 550 West Adams Street, Chicago, Illinois 60661.

4. On information and belief, Defendant VaproShield is a limited liability company organized under the laws of the State of Washington having its principal place of business at 915 26th Avenue, Gig Harbor, Washington 98335.

## Jurisdiction And Venue

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. §§ 1119 and 1121(a) and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant's contacts with the State of Ohio and this Judicial District are of such a nature that this Court's exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

7. Additionally or alternatively, this Court has personal jurisdiction over Defendant pursuant to one or more provisions of the Ohio Long Arm Statute, O.R.C. § 2307.382.

8. On information and belief, Defendant derives or has derived substantial revenue from the sale of its products in the State of Ohio and in this Judicial District, including but not limited to the products on or in connection with which Defendant is using the claimed color mark that is at issue in this Action.

9. Further, on information and belief, Defendant advertises and promotes its products in the State of Ohio and in this Judicial District, including but not limited to the

products on or in connection with which Defendant is using the claimed color mark that is at the center of all of the claims asserted in this Action.

10. Defendant, in addition, is transacting business in the State of Ohio and in this Judicial District through a sales representative with responsibility for soliciting business in the territory that includes the State of Ohio and this Judicial District.

11. Finally, Defendant has communicated to Plaintiff Tremco a threat to take steps to enforce its claimed color mark in this Judicial District.

12. On information and belief, venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(1) because sole Defendant VaproShield is subject to personal jurisdiction in this district and thus is deemed a resident thereof under 28 U.S.C. § 1391(c)(2).

13. In the alternative, on information and belief, venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to the claims asserted by Plaintiffs occurred in this district.

### Plaintiffs' Use of a Bright Yellow-Orange Color for the SE 430 System

14. Plaintiff USGC is a leading producer and distributor of gypsum wallboard, joint compound and related products for the construction and remodeling industries and for more than one hundred years has been providing creative building solutions that help contractors and architects throughout the United States deliver high quality and innovative designs.

15. Plaintiff Tremco, through its Commercial Sealants and Waterproofing Division, is a leading supplier of sealant and weatherproofing solutions for the commercial and residential construction industry and has been providing products and services to architects, engineers, home builders, contractors and building owners throughout the United States for decades.

16. Plaintiffs provide products to construction professionals for building envelope applications. Among those products, Plaintiff USGC supplies exterior gypsum sheathing panels that are fastened to the building frame, which are then covered by cladding materials such as brick, metal panels, glass, etc.

17. Plaintiff Tremco supplies fluid applied air barrier systems to coat the sheathing panels before the cladding is applied, as well as various sealants and components to close the boarders of windows, doors, vents, and other openings in the building envelope.

18. When properly installed, an air barrier system allows for control of air pressure relationships within the building and helps building HVAC systems perform as intended. Air barrier systems also help control concentrated condensation and the associated mold, corrosion, rot, and premature failure; and they can improve and promote durability and sustainability. Effective air barrier systems allow building occupants to enjoy good indoor air quality and a comfortable environment in energy efficient building.

19. Plaintiffs jointly developed a unique building envelope system known as the SECUROCK® EXOAIR® 430 System (the "SE 430 System"). The SE 430 System combines USGC's SECUROCK® gypsum exterior sheathing panels with Tremco's EXOAIR® fluid applied air barrier to provide an integrated, pre-coated sheathing panel and air barrier (the "SE 430 System panels"). The SE 430 System panels are used with sealants and sealing components to produce a high performance, energy-efficient air barrier system for commercial and other large buildings.

20. The SE 430 System is different from previously introduced air-barrier systems in that it is the first integrated gypsum sheathing panel with a factory-applied fluid air-barrier

membrane. The panels are coated on their outward facing side and the coating is a bright yellow-orange color as shown here:



Attached hereto as <u>Exhibit A</u> is a true and correct copy of certain promotional materials used in connection with the marketing of the SE 430 System that depict the yellow-orange color of the coating on the SE 430 Panels.

21. At the time this panel coating color was selected, Plaintiffs had no actual knowledge of the '333 Registration or that Defendant claimed a trademark in the color orange for certain air barrier products.

22. The yellow-orange color used for the coating applied to the SE 430 System panels is the same shade of orange that Plaintiff USGC has been using in connection with its SECUROCK® roof panels since 2005.

23. The SE 430 System is advertised and promoted with prominent co-branding using the logo house trademarks of both Plaintiffs:



These logo house trademarks are also featured prominently on the website associated with the SE 430 System, www.securockexoair.com, and in all of the other promotional and other product literature for the SE 430 System.

24. The SE 430 System also is advertised and promoted with co-branding using Plaintiffs' Registered Trademarks SECUROCK® (a USGC mark for gypsum panels) and EXOAIR® (a Tremco mark for coatings for use in forming liquid and vapor barriers). These trademarks are featured prominently on the website associated with the SE 430 System, www.securockexoair.com, and in all of the promotional and other product literature for the SE 430 System. *See* Exhibit A attached hereto.

25. The SE 430 System is available for purchase only through a professional channel of distribution, namely gypsum specialty dealers. Gypsum specialty dealers typically supply building contractors with a range of gypsum panel products and related construction materials, such as joint compounds, panel mounting systems, etc.

26. The SE 430 System is marketed by Plaintiffs primarily to professionals involved in the design and construction of commercial and other large buildings, such as architects, building envelope engineers, and general contractors. Such professionals are familiar with the products offered for use in building envelopes and the source of such products.

27. The SE 430 System is installed by professionals, namely construction contractors. Such contractors must receive training on the proper installation of the SE 430 System.

28. When installed on a building, the SE 430 System presents a unique and distinctive appearance of bright, yellow-orange panels outlined and dotted with a contrasting color sealant, as shown in the attached Exhibit B.

29. The SE 430 System once installed is only visible to passersby for a limited period because it is covered by other cladding materials that provide the finished exterior of the building, such as brick, glass, stone, metal or wood siding, etc.

**Defendant's Use of a Dark, Red Orange Color on Some of its Products**

30. Defendant VaproShield designs and manufactures high performance, vapor permeable, water resistive barriers and air barrier products for use in building envelope applications.

31. Defendant's air barrier products differ significantly in type from the SE 430 System in that they are sheet roll membrane products and have different properties and performance characteristics. As a result, the parties respective air barrier products are not substitutes for each other.

32. On information and belief, Defendant also does not market or sell gypsum sheathing panels of any type and does not market and sell a system similar to the SE 430 System.

33. On information and belief, the dominant background color used by Defendant on its website, www.vaproshield.com, and in its marketing and promotional materials is green.

34. Defendant offers four different types of sheet roll membrane barrier products and each is a different color: its WALLSHIELD rain screen barrier products are a shade of green, its WRAPSHIELD wall barrier products are a dark red shade of orange, its REVEALSHIELD ultra-violet stable wall barrier products are a shade of black and its SLOPESHIELD roof underlayment barrier products are a shade of red. Attached hereto as Exhibit C is, on

information and belief, a true and accurate copy of promotional materials for Defendant's sheet roll membrane products.

35. Each of Defendant's sheet roll membrane products bears prominent word and design marks associated with Defendant, including the house mark VAPROSHIELD, the product mark applicable, and a house design mark in the anthropomorphized likeness of a frog. Attached hereto as Exhibit D is, on information and belief, a true and accurate copy of promotional material for Defendant's WRAPSHIELD product showing the appearance of word and design marks on the product.

36. On information and belief, the shade of orange used by Defendant for its WRAPSHIELD roll membrane product is a dark, red-orange color:



37. On information and belief, Defendant's roll sheet air barrier membrane products are marketed to knowledgeable and sophisticated purchasers namely, building supervisors and architects. Defendant's roll sheet air barrier membrane products available from Defendant directly or through sales and distribution representatives.

38. The inclusion of Defendant's roll membrane products, such as its WRAPSHIELD roll membrane product, in the specifications for a building envelope contract would ordinarily entail the disclosure of detailed information concerning those products, including their performance characteristics and identification of Defendant as the source of the products.

39. As with the SE 430 System, Defendant's sheet roll membrane air barrier products are installed by professionals. Defendant's roll membrane air barrier products are installed in a different manner than the SE 430 System in that they are applied to a sheathing material that has already been mechanically affixed to the building framework and adhered to that sheathing through the use of adhesives, such as integrated tapes or an adhesive pre-applied to the interior side of the membrane.

40. Once Defendant's sheet roll membrane air barrier products, such as its WRAPSHIELD product, are installed, they are only visible to passersby for a limited period because they are covered by other cladding materials that provide the finished exterior of the building, such as brick, glass, stone, metal or wood siding, etc.

**Defendant's Federal Trademark Registration of a Color Mark**

41. On August 31, 2010, Defendant VaproShield filed a use-based application with United States Patent and Trademark Office ("USPTO") requesting registration of the color "orange" as a mark as applied to vapor permeable air barrier membranes for above-ground building envelope systems.

42. The drawing of the mark submitted by Defendant in support of its request for registration of the color "orange" as a mark shows the claimed mark as a dark, reddish shade of the color orange that is applied to a roll membrane product.



A true and correct copy of the electronic records of the USPTO available online showing the drawing of the mark submitted by Defendant in support of its request for registration of the color orange is attached hereto as <u>Exhibit E</u>.

43. Defendant submitted a product specimen purporting to show its use of its "orange" color as a trademark. A true and correct copy of the electronic records of the USPTO available online showing the specimen of use submitted by Defendant in support of its request for registration of the color orange is attached hereto as <u>Exhibit F</u>.

44. The dark red-orange color shown in the drawing and specimen submitted by Defendant in connection with its request for a trademark registration is the same color Defendant uses to distinguish its WRAPSHIELD sheet roll membrane product from its WALLSHIELD, REVEALSHIELD and SLOPESHIELD sheet roll membrane products.

45. The USPTO initially refused Defendant's request to register the color orange as a mark on various grounds, including the grounds that the color orange could not function as a source identifier for purchasers because the color was commonly used by others for building envelope seal construction materials.

46. Defendant, *inter alia,* represented to the USPTO that its use of "orange" as a mark was unlikely to cause confusion because of the degree of care exercised by knowledgeable and sophisticated purchasers namely, building supervisors and architects.

47.     The USPTO ultimately withdrew the refusal to register Defendant's orange color mark and on November 15, 2011 issued to the "'333 Registration", which purports to cover a mark comprising the color "orange" as applied to "vapor permeable air barrier membranes for above-ground building envelope systems."

## The Actual and Justiciable Controversy Between the Parties

48.     The SE 430 System was first installed on February 18, 2015.  At the time, Plaintiffs still had no actual knowledge of the '333 Registration or that Defendant claimed a trademark in the color orange for certain of its roll sheet membrane air barrier products.

49.     On or about July 24, 2015, a representative of Defendant contacted a representative of Plaintiff Tremco located in this Judicial District and stated his belief that the coating color of the panel component of the SE 430 System infringed a trademark claimed by Defendant in the color "orange."

50.     On or about July 30, 2015, a representative of Tremco located in this Judicial District received a letter from counsel for Defendant enclosing a copy of the '333 Registration. A true and correct copy of this letter and enclosure is attached hereto as Exhibit G.

51.     On or about September 24, 2015, a representative of Plaintiff Tremco located in this Judicial District received an email from a representative of Defendant indicating that he had seen depictions of the "orange" colored panel component of the SE 430 System in a trade publication.  A true and correct copy of this email is attached hereto as Exhibit H.

52.     Following the receipt of the email attached hereto as Exhibit H, representatives of both Plaintiff Tremco and Defendant again conferred by telephone and the representative of Defendant indicated that Defendant would be taking steps to stop Tremco from using the color "orange" on the SE 430 System's panels.

53. On or about October 9, 2015, a representative of Defendant contacted a representative of Plaintiff USGC by telephone concerning Defendant's claim of a trademark in the color "orange" and its concern about use of the color "orange" for the SE 430 System.

54. On or about October 31, 2015, a representative of Plaintiff USGC received an email from a representative of Defendant that requested that USGC "cease and desist" using the color "orange" on the panel component of the SE 430 System. Attached to the email was a copy of the '333 Registration. A true and correct copy of this email and enclosure is attached hereto as <u>Exhibit I</u>.

55. On or about November 16, 2015, representatives of Plaintiffs and Defendant agreed to meet to discuss Defendant's concerns about use of a shade of the color "orange" on the panels of the SE 430 System. That meeting took place on December 10, 2015.

56. By reason of the communications between Plaintiffs and Defendant, including, but not limited to, the conversation between representatives of Defendant and Tremco following receipt of the email attached hereto as Exhibit H, and the "cease and desist" email attached hereto as Exhibit I. Plaintiffs have a reasonable apprehension that Defendant will commence an action against Plaintiffs in this district or elsewhere in an effort to enforce Defendant's alleged trademark rights in the color "orange."

## FIRST CLAIM FOR RELIEF

**(Request for Declaratory Judgment of Non-Infringement of Trademark
Pursuant to 28 U.S.C. § 2201)**

57. Plaintiffs incorporate herein by reference all of the averments set forth in paragraphs 1 through 56 as if fully rewritten herein.

58. There currently exists an actual and justiciable controversy between Plaintiffs and Defendant as to whether the bright yellow-orange color of the coating on the panel component of

the SE 430 System infringes the purported trademark rights, if any, of Defendant. This controversy will be terminated by this Court's declaration as to whether such use is infringing.

59. On information and belief, Defendant's claimed color mark has little (and in fact has no) strength in the actual marketplace as a trademark.

60. The colors used by the parties for the products in issue are sufficiently different that there is no likelihood of confusion, mistake or deception of purchasers or potential purchasers regarding the source, origin or affiliation of such products or the parties due to the color of the products.

61. The manner in which purchasers or potential purchasers in the marketplace encounter air barrier systems for use in building envelope applications is such that purchasers are not likely to believe that the SE 430 panels or SE 430 System offered by Plaintiffs and the roll sheet membrane products of Defendant share a common source or that the parties offering these different types of products are affiliated or otherwise connected.

62. The channels of trade through which the products in issue travel and are marketed are such that confusion, mistake or deception of purchasers or potential purchasers regarding the source, origin or affiliation of the products or the parties due to the color of such products is unlikely.

63. The nature of the products in issue is such that the purchasers or potential purchasers are knowledgeable and sophisticated professionals who are likely to exercise a high degree of care when making decisions to either specify the products for use in a construction project or in awarding a construction contract that includes an air barrier system of the types in issue.

64. For the reasons set forth herein, and other material circumstances surrounding the manner in which the products of the parties are labelled, marketed and otherwise promoted, there is no likelihood of confusion, mistake or deception regarding source or origin of Plantiffs' products and Defendant's products or that the parties or their products are otherwise affiliated or connected.

65. Plaintiffs request an order declaring that Plaintiff's use of the yellow-orange color used on the SE 430 panels and used with the SE 430 Systems does not infringe the '333 Registration under 15 U.S.C. §1051 et. seq. or any other trademark rights of Defendant under the common law of any state. Such a determination is necessary and appropriate at this time in light of the controversy that currently exists between the parties.

## SECOND CLAIM FOR RELIEF

**(Request for Declaratory Judgment of Lack of Unfair Competition Pursuant to 28 U.S.C. § 2201)**

66. Plaintiffs incorporate herein by reference all of the averments set forth in paragraphs 1 through 65 as if fully rewritten herein.

67. In addition to claims for trademark infringement under federal or state statutory or common law, parties asserting rights in colors often proceed on analogous claims of unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), and/or under state statutory or common law concerning unfair competition or deceptive trade practices.

68. So as to fully address the threat of enforcement action made by Defendant, and the actual and justiciable controversy that exists, Plaintiffs request a declaration that their use of the bright, yellow-orange color shown in Exhibit A on or in connection with the coating of the panel components of the SE 430 System does not constitute an act of unfair competition under Section 43(a) of the Lanham Act or under any applicable state statute or the common law of any

state. Such a determination is necessary and appropriate at this time in light of the controversy that currently exists between the parties.

### THIRD CLAIM FOR RELIEF

**(Request for Declaratory Judgment of Invalidity of Color Mark Pursuant to 28 U.S.C. § 2201)**

69. Plaintiffs incorporate herein by reference all of the averments set forth in paragraphs 1 through 68 as if fully rewritten herein.

70. There also currently exists an actual and justiciable controversy between the parties as to the validity of Defendant VaproShield's claimed color mark.

71. As a matter of law, color has no inherent distinctiveness as a mark and cannot function as a trademark unless it has acquired secondary meaning with respect to the goods or services on or in connection with which the color is used in commerce.

72. On information and belief, the USPTO erred in issuing the '333 Registration to Defendant and Defendant has no valid trademark rights in the color orange or any particular shade thereof as neither the color orange in general nor the shade of the color orange that is in use in commerce by Defendant has acquired secondary meaning in connection with Defendant for "vapor permeable air barrier membranes for above-ground building envelope systems" or any other product or service.

73. Additionally and in the alternative, Defendant does not use the color "orange" as a trademark on or in connection with its barrier roll sheet membrane products, but rather Defendant's use of the color "orange" is functional to distinguish between Defendant's different varieties of roll sheet membrane air barrier products offered by Defendant and their respective properties and performance features.

74. Plaintiffs request an order declaring that Defendant's alleged color mark is invalid irrespective of its entitlement to registration and such a determination is necessary and appropriate at this time in light of the controversy that currently exists between the parties.

## FOURTH CLAIM FOR RELIEF

### (Request for Cancellation of a Trademark Registration Pursuant to 15 U.S.C. § 1119)

75. Plaintiffs incorporate herein by reference all of the averments set forth in paragraphs 1 through 74 as if fully rewritten herein.

76. This is an Action involving a mark registered by the USPTO, specifically the color mark covered by the '333 Registration that is the subject of both the First and Third Claims for Relief asserted by Plaintiffs. As a result, this Court has subject matter jurisdiction to determine the registerability of Defendant's claimed color mark and the authority to order the cancellation of the registration pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

77. On information and belief, the mark covered by the '333 Registration is invalid and Defendant is not entitled to registration of the color mark covered by the '333 Registration.

78. Plaintiffs request that this Court enter an order declaring that the '333 Registration should be cancelled and removed from the Principal Register of the United States Patent and Trademark Office.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs demand judgment on their claims for relief in the form of an order that:

A. Declares that Plaintiffs' use of the yellow-orange color used on the coating for the panel components of the SE 430 System and in connection with the marketing and sale of

the SE 430 System does not infringe Defendant's alleged trademark rights, if any, in the color orange either as a registered mark under the '333 Registration or as a common law trademark.

        B.      Declares that Plaintiffs' use of the yellow-orange color used on the coating for the panel components of the SE 430 System and in connection with the marketing and sale of the SE 430 System does not constitute an act of unfair competition with Defendant, either under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), or under the common or statutory law of any state.

        C.      Declares that Defendant does not have a valid mark in the shade of orange covered by the '333 Registration or as shown in Exhibit E attached hereto because the color orange in general, as set forth in the '333 Registration, or the particular shade of orange used by Defendant as shown in Exhibit E attached hereto have not acquired the secondary meaning in connection with Defendant or to support Defendants claimed trademark rights in that the color orange.

        D.      Orders the cancellation of the '333 Registration.

        E.      Awards Plaintiffs their costs incurred in connection with this Action.

    F. Awards Plaintiffs such other and further relief as this Court may deem just and proper.

Dated December 14, 2015      Respectfully submitted,

               *s/RaymondRundelli*
               Raymond Rundelli (0030778)
               rrundelli@calfee.com
               John A. Wilaj (0093790)
               jwilaj@calfee.com
               Calfee, Halter & Griswold LLP
               1405 East Sixth Street
               The Calfee Building
               Cleveland, Ohio 44114
               Phone: (216) 622-8200
               Fax: (216) 241-0816

               *Attorneys for Plaintiffs*